**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Secretary, Vermont Agency of
Natural Resources,  Plaintiff,    }
                                  }
v.                                }      Docket No. 142-9-01 Vtec
                                  }
Bruce and Deborah Hallett,        }
Respondents

<u>Decision and Order on Motions to Amend Findings and to Alter or Amend Judgment</u>

Respondents Bruce and Deborah Hallett (Respondents) move the Court to amend the findings and alter or amend the judgment issued on August 14, 2003 in this matter. The Secretary of the Agency of Natural Resources (Secretary) opposes Respondents' motion and also moves the Court to amend the findings and judgment. Respondents are represented by Jack Long, Esq.; and the Secretary is represented by Catherine Gjessing, Esq.

Respondents move for additional findings of facts on the issues of the condition of the field in 1990; the field work performed by the Respondents and the District Wildlife Biologist; the confusion caused by the Environmental Enforcement Officer's interpretation of the wetland map; and the findings and recommendations of the State's independent expert regarding necessary remedial work. Secretary moves for altered findings on these same issues, for additional findings on the clearing which occurred in 1999, and to alter the finding on the number of hay bales produced annually by the field in question.

Respondents also move for an altered or amended judgment to eliminate some or all of the penalty, or at least to correct the penalty calculation to conform to the Court's finding at the foot of page 8, continuing onto page 9 of the August 2003 decision, that the equivalent of 500 regular hay bales was produced annually by the field.

<u>Correction of Clerical Errors in the Judgment</u>

We agree with both parties that the calculation of the economic benefit component of the penalty in the August 2003 decision does not conform to the finding on the amount of hay produced annually by the field in question. We have gone back to the Court's notes on the evidence regarding the amount of hay produced, to verify that the finding is correct, and have therefore corrected the clerical errors that failed to carry that finding forward correctly to the penalty calculation section of the August 2003 decision. See V.R.C.P. 60(a) (clerical mistakes may be corrected by the court at any time of its own initiative or on the motion of any party). Corrections are made as follows on pages 13, 14, and 15 of the August 2003 decision, and we have produced a corrected version with the corrections shown in bold type, to avoid confusion.

The last sentence of the first full paragraph on page 13 in the August 2003 decision is corrected to read as follows:

It amounted to approximately **500** standard bales of hay per year for 2001 and 2002, or a total of **1,000** bales at a cost of **$2,250**, using an average price per bale of $2.25.

The last sentence on page 14 in the August 2003 decision is corrected to read as follows: Accordingly, taking all the penalty factors into account, the Court will impose a penalty for the violation of a total of **$6,150**, calculated as **$2,250** in removal of economic benefit, plus the Secretary's enforcement costs of $3,900.

The second sentence of the second paragraph on page 15 in the August 2003 decision is corrected to read as follows:

On or before October 1, 2003, Respondent shall pay a penalty of **$6,150** for the violations to the State of Vermont, to be deposited in the general fund pursuant to 10 V.S.A. § 8010(e).

We must emphasize that the above numbers have been changed to conform to the factual findings on the amount of hay produced annually by the field in question, and do <u>not</u> represent any reconsideration of any of the penalty factors. All other requests to alter or amend the judgment or to reduce or enhance the penalty by reconsidering any of the factual findings or weight to be given to any of the penalty factors (10 V.S.A. § 8010) are DENIED; they were fully considered in the August 2003 decision.

<u>Request for Additional Findings of Fact</u>

Both parties' requests for additional findings of fact are DENIED. The findings, and the evidence on which they were based, were fully considered in the August 2003 decision. In addition, to the extent that the topics of these requests relate to the scope of what remedial work may be necessary, those topics must be addressed by the Agency on remand and not by this Court. In particular, it is for the Agency to address on remand the question of whether a wider buffer zone is warranted for any other reason related to the violations found in this case, beyond the width that the Court has already found is sufficient to protect the stream and its functions. See pages 7 and 8-10 of the August 2003 order.

Done at Barre, Vermont, this 30th day of September, 2003.


_____
Merideth Wright
Environmental Judge